Gregory P. Fry, OSB #052583
E-mail: gfry@wwf-law.com
Welsh, Wales & Fry, PLC
650 NE Holladay Street, Suite. 1600
Portland, OR 97232
Telephone: (503) 444-3355

*Attorneys for the Plaintiff*
*The Murphy Company in its*
*capacity as fiduciary of the*
*Murphy Company Health and*
*Welfare Plan*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### MEDFORD DIVISION

| | |
|---|---|
| MURPHY COMPANY, in its capacity as fiduciary of the Murphy Company Health and Welfare Plan,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>LEVI TORRES, IDIART LAW GROUP, LLC,<br><br>　　　　Defendants. | Case No.: 1:23-cv-1265<br><br>COMPLAINT |

For its Complaint against Levi Torres and Idiart Law Group, LLC, the Plaintiff, Murphy Company, in its capacity as fiduciary of the Murphy Company Health and Welfare Plan (sometimes hereinafter referred to as the "Plan"), avers and states as follows:

## BACKGROUND

1. This is an action principally under section 502(a)(3) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), 29 U.S.C. §1132(a)(3) for equitable relief to remedy violations of the Plan, which is a self-funded employee welfare benefit plan within the

meaning of 3(a) of ERISA, 29 U.S.C. § 1002(1).

2. The Plan has paid benefits on behalf of Levi Torres for injuries he sustained as a result of an accident for which another party is responsible. The Plan seeks equitable relief in the form of a constructive trust and/or equitable lien by agreement upon amounts held by Defendants that belong in good conscience to the Plan.

3. This is an action, in part, for equitable relief and the imposition of a constructive trust and/or equitable lien over identifiable funds in the possession or constructive possession of the Defendants.

## JURISDICTION AND VENUE

4. Subject matter jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331. The Court has the exclusive subject matter jurisdiction over this action, pursuant to 29 U.S.C. § 1132(e)(1).

5. Venue in this Court is proper, pursuant to 29 U.S.C. § 1132(e)(2), because the accident occurred in this district, the Plan is administered within this district, Levi Torres resides within this district, and Defendant Idiart Law, LLC conducts business within this district.

## THE PARTIES

6. The Plaintiff brings this Complaint against the Defendants to enforce the terms of the Plan.

7. The Murphy Company, located at 2350 Prairie Road, Eugene, OR 97402, self-funds the Plan through its general assets and is the plan administrator and named fiduciary of the Plan, as those terms are defined in 29 U.S.C. §§ 1002(16)(A) and 1102(a)(2), respectively.

8. Plaintiff is authorized to bring this action on behalf of all Plan participants and beneficiaries to enforce the terms of the Plan and to protect the assets of the Plan under 29 U.S.C.

§ 1132(a)(3) and federal common law.

9. Levi Torres is an adult resident and citizen of the State of Oregon and may be personally served at his residence at 621 SW Western Avenue, Grants Pass, OR 97526.

10. Idiart Law Group, LLC, for the periods of time relevant to this Complaint, is an Oregon professional corporation and law firm who represents Levi Torres. It is an Oregon resident and citizen and may be personally served c/o Damian M. Idiart 770 South Front, Central Point, OR 97502. This Defendant is a necessary party to this litigation as it is a Trustee of the Levi Torres settlement funds, and is in actual and/or constructive control of the funds and is named as a Defendant to ensure that full relief may be granted in accordance with the prayer for relief.

## FACTUAL ALLEGATIONS

11. Plaintiff re-alleges and incorporates herein by reference the allegations of paragraphs 1 through 10 of the Complaint as if each paragraph were fully set forth herein.

12. At all times relevant to this Complaint, Levi Torres was a participant and beneficiary under the terms of the Plan.

13. On May 14, 2021, Levi Torres was involved in a motor vehicle accident.

14. Levi Torres brought bodily injury claims for their injuries and damages sustained as a result of the motor vehicle accident, including the medical expenses paid by the Plan.

15. The Plan has paid medical expenses in the amount of $73,182.55 on behalf of Levi Torres for injuries sustained as a result of the motor vehicle accident. Those amounts may increase. The Plan seeks to recover these monies from the Defendants to the fullest extent they have recovered monies from the party responsible for their injuries.

16. Representatives for the Plan placed Levi Torres and his agents on notice of the Plan's right to recover the monies paid on his behalf, inclusive of fees and costs incurred by the

Plan in connection with enforcement of its rights.

17. The subrogation and reimbursement provisions of the Plan provide for a first priority lien without reduction for attorneys' fees, costs, or expenses.

18. The Plan contains the following provisions governing subrogation and reimbursement:

### SUBROGATION, THIRD-PARTY RECOVERY AND REIMBURSEMENT - THE PLAN'S RIGHT TO RESTITUTION

The Plan does not provide benefits for any accident, injury or sickness for which you or your eligible dependents have, or may have, any claim for damages or entitlement to recover from another party or parties arising from the acts or omissions of such third party (for example, an auto accident). In the event that another party fails or refuses to make prompt payment for the medical expenses incurred by you or your eligible dependents which expenses arise from an accident, injury, or sickness, subject to the terms of the Plan, the Plan may conditionally advance the payment of the eligible medical benefits.

**Payment Condition**

The Plan, in its sole discretion, may elect to conditionally advance payment of benefits in those situations where an injury, sickness, disease or disability is caused in whole or in part by, or results from the acts or omissions of you, and/or your dependents, beneficiaries, estate, heirs, guardian, personal representative, or assigns (collectively referred to hereinafter in this section as "Participant(s)") or a third party, where any party besides the Plan may be responsible for expenses arising from an incident, and/or other funds are available, including but not limited to no-fault, uninsured motorist, underinsured motorist, medical payment provisions, third party assets, third party insurance, and/or guarantor(s) of a third party (collectively "Coverage").

You, your attorney, and/or legal guardian of a minor or incapacitated individual agrees that acceptance of the Plan's conditional payment of medical benefits is constructive notice of these provisions in their entirety and agrees to maintain 100% of the Plan's conditional payment of benefits or the full extent of payment from any one or combination of first and third party sources in trust, without disruption except for reimbursement to the Plan or the Plan's assignee. The Plan shall have an equitable lien on any funds received by the Participant(s) and/or their attorney from any source and said funds shall be held in trust until such time as the obligations under this provision are fully satisfied. The Participant(s) agrees to include the Plan's name as a co-payee on any and all settlement drafts. Further, by accepting benefits the Participant(s) understands that any recovery obtained pursuant to this section is an asset of the Plan to the extent of the amount of benefits paid by the Plan and that the Participant shall be a trustee over those Plan assets.

In the event a Participant(s) settles, recovers, or is reimbursed by any coverage, the Participant(s) agrees to reimburse the Plan for all benefits paid or that will be paid by the Plan on

behalf of the Participant(s). If the Participant(s) fails to reimburse the Plan out of any judgment or settlement received, the Participant(s) will be responsible for any and all expenses (fees and costs) associated with the Plan's attempt to recover such money.

If there is more than one party responsible for charges paid by the Plan, or may be responsible for charges paid by the Plan, the Plan will not be required to select a particular party from whom reimbursement is due.

Furthermore, unallocated settlement funds meant to compensate multiple injured parties of which the Participant(s) is/are only one or a few, that unallocated settlement fund is considered designated as an "identifiable" fund from which the plan may seek reimbursement.

**Subrogation**

As a condition to participating in and receiving benefits under this Plan, you agree to assign to the Plan the right to subrogate and pursue any and all claims, causes of action or rights that may arise against any person, corporation and/or entity and to any coverage to which you are entitled, regardless of how classified or characterized, at the Plan's discretion, if you fail to so pursue said rights and/or action.

You further agree that as a condition to participating in and receiving benefits under this Plan, you have a duty to cooperate. The duty to cooperate extends to the Plan's right of subrogation and requires you to provide any such necessary information as requested by the Plan to determine and evaluate subrogation interests including but not limit to: demand letters, complaints, independent medical examination(s), and other documents requesting any recovery on behalf of you.

If you receive or become entitled to receive benefits, an automatic equitable lien attaches in favor of the Plan to any claim, which you may have against any coverage and/or party causing the sickness or injury to the extent of such conditional payment by the Plan plus reasonable costs of collection. You are obligated to notify the Plan or its authorized representative of any settlement prior to finalization of the settlement, execution of a release, or receipt of applicable funds. You are also obligated to hold any and all funds so received in trust on the Plan's behalf and function as a trustee as it applies to those funds until the Plan's rights described herein are honored and the Plan is reimbursed.

The Plan may, at its discretion, in its own name or in your name, commence a proceeding or pursue a claim against any party or Coverage for the recovery of all damages to the full extent of the value of any such benefits or conditional payments advanced by the Plan.

If you fail to file a claim or pursue damages against any of the following, the you authorize the Plan to pursue, sue, compromise and/or settle any such claims in your and/or the Plan's name and agrees to fully cooperate with the Plan in the prosecution of any such claims:

1. The responsible party, its insurer, or any other source on behalf of that party;

2. Any first party insurance through medical payment coverage, personal injury protection, no-fault coverage, uninsured or underinsured motorist coverage;

3. Any policy of insurance from any insurance company or guarantor of a third party;

4. Worker's compensation or other liability insurance company; and/or

5. Any other source, including but not limited to crime victim restitution funds, any medical, disability or other benefit payments, and school insurance coverage;

You agree and assigns all rights to the Plan or its assignee to pursue a claim and the recovery of all expenses from any and all sources listed above.

**Right of Reimbursement**

The Plan shall be entitled to recover 100% of the benefits paid without deduction for attorneys' fees or costs without regard to whether you are fully compensated by your recovery from all sources. The Plan shall have an equitable lien which supersedes all common law or statutory rules, doctrines, and laws of any State prohibiting assignment of rights which interferes with or compromises in any way the Plan's equitable lien and right to reimbursement. The obligation to reimburse the Plan in full exists regardless of how the judgment or settlement is classified and whether or not the judgment or settlement specifically designates the recovery or a portion of it as including medical, disability, or other expenses. If your recovery is less than the benefits paid, then the Plan is entitled to be paid all of the recovery achieved. Any funds received by you is deemed held in constructive trust and should not be dissipated or disbursed until such time as your obligation to reimburse the Plan has been satisfied in accordance with these provisions. You are also obligated to hold any and all funds so received in trust on the Plan's behalf and function as a trustee as it applies to those funds until the Plan's rights described herein are honored and the Plan is reimbursed.

No court costs, experts' fees, attorneys' fees, filing fees, or other costs or expenses of litigation may be deducted from the Plan's recovery without the prior, express written consent of the Plan.

The Plan's right of subrogation and reimbursement will not be reduced or affected as a result of any fault or claim on your part, whether under the doctrines of causation, comparative fault or contributory negligence, or other similar doctrine in law. Accordingly, any lien reduction statutes, which attempt to apply such laws and reduce a subrogating Plan's recovery will not be applicable to the Plan and will not reduce the Plan's reimbursement rights.

These rights of subrogation and reimbursement shall apply without regard to whether any separate written acknowledgment of these rights is required by the Plan and signed by you.

This provision shall not limit any other remedies of the Plan provided by law. These rights of subrogation and reimbursement shall apply without regard to the location of the event that led to or caused the applicable sickness, injury, disease or disability.

**Participant is a Trustee Over Plan Assets**

If you receive benefits, you are subject to the terms of this section and are hereby deemed a recipient and holder of Plan assets and are therefore deemed a trustee of the Plan solely as it relates to possession of any funds which may be owed to the Plan as a result of any settlement, judgment or recovery through any other means arising from any injury or accident. By virtue of this status, you understand that you are required to:

1. Notify the Plan or its authorized representative of any settlement prior to finalization of the settlement, execution of a release, or receipt of applicable funds;

2. Instruct his/her attorney to ensure that the Plan and/or its authorized representative is included as a payee on all settlement draft;

3. In circumstances where the Covered Person(s) is not represented by an attorney, instruct the insurance company or any third party from whom the Covered Person(s) obtains a settlement, judgment or other source of Coverage to include the Plan or its authorized representative as a payee on the settlement draft; and,

4. Hold any and all funds so received in trust, on the Plan's behalf, and function as a trustee as it applies to those funds, until the Plan's rights described herein are honored and the Plan is reimbursed.

To the extent you dispute this obligation to the Plan under this section, you or any of your agents or representatives are also required to hold any/all settlement funds, including the entire settlement if the settlement is less than the Plan's interests, and without reduction in consideration of attorney's fees, for which he or she exercises control, in an account segregated from their general accounts or general assets until such time as the dispute is resolved.

Neither you, your beneficiary, or your agents or representatives thereof, exercising control over plan assets and incurring trustee responsibility in accordance with this section will have any authority to accept any reduction of the Plan's interest on the Plan's behalf.

**Excess Insurance**

If at the time of injury, sickness, disease or disability there is available, or potentially available any coverage (including but not limited to coverage resulting from a judgment at law or settlements), the benefits under this Plan shall apply only as an excess over such other sources of coverage, except as otherwise provided for under the Plan's Coordination of Benefits section.



The Plan's benefits shall be excess to any of the following:

1. The responsible party, its insurer, or any other source on behalf of that party;

2. Any first party insurance through medical payment coverage, personal Injury protection, no-fault coverage, uninsured or underinsured motorist coverage;

3. Any policy of insurance from any insurance company or guarantor of a third party;

4. Worker's compensation or other liability insurance company; or

5. Any other source, including but not limited to crime victim restitution funds, any medical, disability or other benefit payments, and school insurance coverage.

**Separation of Funds**

Benefits paid by the Plan, funds recovered by you, and funds held in trust over which the Plan has an equitable lien exist separately from your property and estate, such that your death, or your filing of bankruptcy, will not affect the Plan's equitable lien, the funds over which the Plan has a lien, or the Plan's right to subrogation and reimbursement.

**Wrongful Death**

In the event that you die as a result of his or her injuries and a wrongful death or survivor claim is asserted against a third party or any coverage, the Plan's subrogation and reimbursement rights shall still apply, and the entity pursuing said claim shall honor and enforce these Plan rights and terms by which benefits are paid on behalf of you and all others that benefit from such payment.

**Obligations**

It is your obligation at all times, both prior to and after payment of medical benefits by the Plan:

1. To cooperate with the Plan, or any representatives of the Plan, in protecting its rights, including discovery, attending depositions, and/or cooperating in trial to preserve the Plan's rights.

2. To provide the Plan with pertinent information regarding the sickness, disease, disability, or Injury, including accident reports, Independent Medical Examination(s), settlement demands, settlement information, demand letters, and any other requested additional information.

3. To take such action and execute such documents as the Plan may require to facilitate enforcement of its subrogation and reimbursement rights.

4. To do nothing to prejudice the Plan's rights of subrogation and reimbursement.

5. To promptly reimburse the Plan when a recovery through settlement, judgment, award or other payment is received.

6. To notify the Plan or its authorized representative of any settlement prior to finalization of the settlement.

7. To not settle or release, without the prior consent of the Plan, any claim to the extent that you may have against any responsible party or coverage.

8. To instruct your attorney to ensure that the Plan and/or its authorized representative is included as a payee on any settlement draft.

9. In circumstances where you are not represented by an attorney, instruct the insurance company or any third party from whom you obtain a settlement to include the Plan or its authorized representative as a payee on the settlement draft.

10. To make good faith efforts to prevent disbursement of settlement funds until such time as any dispute between you and the Plan over settlement funds is resolved.

If you and/or your attorney fails to reimburse the Plan for all benefits paid or to be paid, as a result of said injury or condition, out of any proceeds, judgment or settlement received, you will be responsible for any and all expenses (whether fees or costs) associated with the Plan's attempt to recover such money from you.

The Plan's rights to reimbursement and/or subrogation are in no way dependent upon your cooperation or adherence to these terms.

**Offset**

If timely repayment is not made, or you and/or your attorney fails to comply with any of the requirements of the Plan, the Plan has the right, in addition to any other lawful means of recovery, to deduct the value of the Participant's amount owed to the Plan. To do this, the Plan may refuse payment of any future medical benefits and any funds or payments due under this Plan on behalf of the Participant(s) in an amount equivalent to any outstanding amounts owed by the Participant to the Plan. This provision applies even if the Participant has disbursed settlement funds.

**Minor Status**

In the event you are a minor as that term is defined by applicable law, your parents or court-appointed guardian shall cooperate in any and all actions by the Plan to seek and obtain requisite court approval to bind you and your estate insofar as these subrogation and reimbursement provisions are concerned.



If your parents or court-appointed guardian fail to take such action, the Plan shall have no obligation to advance payment of medical benefits on behalf of you. Any court costs or legal fees associated with obtaining such approval shall be paid by your parents or court-appointed guardian.

**Language Interpretation**

The Plan Administrator retains sole, full and final discretionary authority to construe and interpret the language of this provision, to determine all questions of fact and law arising under this provision, and to administer the Plan's subrogation and reimbursement rights. The Plan Administrator may amend the Plan at any time without notice.
(Plan pp. 108-113.)

19. At all times during which he has been a participant in the Plan Levi Torres has had access to the Plan's full terms, through distributions of relevant documents to new employees, and both informal and formal options to obtain the Plan's full terms by request.

20. The Defendant settled his bodily injury claim with the responsible party's insurer for $175,000, which was less than the limits of the available insurance coverage.

21. Though the Defendants have recovered said settlement funds, the Defendants have refused to honor the Plan's first-priority reimbursement claim.

22. Defendants have not presented any argument to the Plan or its agents that the Plan is not subject to ERISA, including ERISA's broad preemption provisions, nor have they explained why the Plan's terms and federal law would entitle it to anything less than full reimbursement.

23. As the Supreme Court has expressly concluded, clear plan terms entitling a private, self-funded ERSIA plan are enforceable as written, including in the subrogation and reimbursement context:

> [ERISA] countenances only such relief as will enforce *"the terms of the plan"* or the statute, § 1132(a)(3) (emphasis added). That limitation reflects ERISA's principal function: to "protect contractually defined benefits." *Massachusetts Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 148 (1985). The statutory scheme, we have often noted, "is built around reliance on the face of written plan documents." *Curtiss–Wright Corp. v. Schoonejongen,* 514 U.S. 73, 83 (1995).

*US Airways, Inc. v. McCutchen*, 569 U.S. 88, 100–01 (2013).

24. Defendants' continued refusal to honor the Plan's terms or to reasonably engage in settlement negotiations regarding the same has left the Plan with no choice but to file this lawsuit.

## COUNT I
## CLAIMS FOR RELIEF UNDER 29 U.S.C. § 1132(a)(3)

25. Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 24 of the Plaintiff's Complaint as if each paragraph were fully set forth herein.

26. The Plan has a right to reimbursement of medical expenses it paid on behalf of Levi Torres from any and all settlement(s) received from parties responsible for his injuries, up to the amount of benefits advanced, inclusive of costs incurred by the Plan in protecting its rights.

27. Upon information and belief, Defendants are in possession and/or constructive possession of funds to which they are not entitled, and that belong in good conscience to the Plan.

28. Although the Plaintiff has requested that Defendants reimburse the Plan pursuant to Plan terms, the Defendants have refused to turn over the portion of the settlement funds as required by the terms of the Plan. Defendants' refusals violate the terms of the Plan and ERISA. Plaintiff is entitled to equitable relief in the form of a constructive trust or equitable lien by agreement with respect to the disputed funds controlled by the Defendants.

29. As a result of Defendants' violations of the terms of the Plan, Plaintiff has been injured. The Murphy Company, in its capacity as fiduciary of the Plan, therefore seeks all appropriate equitable relief, pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(2), to enforce the terms of the Plan.

## COUNT II
## DECLARATORY RELIEF PURSUANT TO 28 U.S.C. § 2201

30. Plaintiff incorporates herein by reference the allegations of paragraphs 1 through

29 of the Plaintiff's Complaint as if each paragraph were fully set forth verbatim herein.

31. The Plan has an enforceable right to reimbursement for medical expenses it has or will pay on behalf of Levi Torres out of any and all settlement fund(s) that he has received for his injuries.

32. The Plan has attempted to enforce its right to reimbursement by asserting liens on any recovery received by Levi Torres.

33. Levi Torres and his agent have refused to honor the Plan's liens with respect to the settlement funds.

34. Defendants' continued refusal to honor the terms of the Plan, and continued actions that prejudice the Plan's right of reimbursement are violations of the Plan terms and a breach of Levi Torres's obligations to the Plan.

35. The Plaintiff seeks a declaratory judgment from the Court construing the subrogation and reimbursement provisions within the Plan and the inapplicability of the "make-whole" and "common fund" or other state law doctrines and defenses that purport to reduce the Plan's reimbursement, such that the Plan is entitled to first priority reimbursement of the benefits it paid on behalf of Levi Torres from the proceeds of any and all settlement(s) that Levi Torres has received for his injuries.

## COUNT III
## ATTORNEYS' FEES AND COSTS

36. Plaintiff re-alleges and incorporates herein by reference the allegations of paragraphs 1 through 35 of the Plaintiff's Complaint as if each paragraph were fully set forth herein.

37. Plaintiff is entitled to reasonable attorneys' fees and costs, pursuant to 29 U.S.C. §1132(g).

38.     Plaintiff is independently entitled to reasonable attorneys' fees and costs pursuant to the express terms of the Plan.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests the following:

a)     The imposition of an *in rem* constructive trust and/or equitable lien by agreement in favor of the Plan upon the proceeds of any and all settlement(s), plus accrued interest, in the possession of Levi Torres and/or his attorneys, agents or representatives up to the full amount of benefits paid and costs incurred by the Plan from his alleged $175,000 recovery, and any future recovery achieved; plus accrued interest.

b)     A declaration of the Plan's ownership of the above-referenced settlement funds up to the full amount of payments made and costs incurred by the Plan of behalf of Levi Torres from his alleged $175,000 recovery, and any future recovery achieved; plus accrued interest.

c)     An accounting of the disposition of any recoveries obtained by the Defendants;

d)     An order enjoining the Defendants from transferring or disposing of any settlement funds which would prejudice, frustrate, or impair Plaintiff's ability to recover same;

e)     An order directing the Defendants to turn over the proceeds of any and all settlement recoveries in the full amount of payments made and costs incurred by the Plan of behalf of Levi Torres from his alleged $175,000 recovery, and any future recovery achieved; plus accrued interest;

f)     Other and further equitable relief to which the Plaintiff may be entitled, including but not limited to specific performance, which may be necessary for the Defendants to comply with his obligations under the terms of the Plan;

g)     Awarding Plaintiff pre-and post-judgment interest, costs, and attorneys' fees;

h)   Any other relief as this Court may deem just and proper.

DATED this 31st day of August, 2023.

          **WELSH, WALES & FRY, PLC**

          /s/ Gregory P. Fry
          Gregory P. Fry, OSB #052583
          gfry@welshlawgroup.com
          650 NE Holladay Street, Suite. 1600
          Portland, OR 97232
          Telephone: (503) 444-3355
          Fax: (602) 595-0682

          *Attorneys for the Plaintiff*
          *The Murphy Company in its capacity as fiduciary*
          *of the Murphy Company Health and Welfare Plan*

          **MATTHIESEN, WICKERT & LEHRER, S.C.**

          */s/ Ryan Woody*
          Ryan Woody, Esq.*
          Wisconsin Bar No. 1047279
          *Pro Hac Vice forthcoming*
          1111 E. Sumner Street
          Hartford, WI 53027
          (262) 673-7850
          (262) 673-3766
          RWoody@mwl-law.com

          Catherine Dowie*
          */s/ Catherine Downie*
          BBO # 703382 (Massachusetts)
          *Pro Hac Vice forthcoming*
          99 Derby Street, Suite 200
          Hingham, MA 02043
          (339) 469-2448
          (262) 673-3766
          CDowie@mwl-law.com

          *Attorneys for the Plaintiff*
          *The Murphy Company in its capacity as fiduciary*
          *of the Murphy Company Health and Welfare Plan*